UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROBERT KITZMILLER, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | No.  2:07-CR-27<br>No.  2:10-CV-107 |

## **MEMORANDUM OPINION**

This matter is before the Court on petitioner Robert Kitzmiller's ("petitioner" or "Kitzmiller") "motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 53]. Kitzmiller contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution in three particulars and states a generic claim as to "any other issue applicable upon receival [sic] of all court transcrips [sic] and papers."

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts (the "Governing Rules") requires a judge to *sua sponte* dismiss a § 2255 petition without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Because Kitzmiller's § 2255 motion fails to provide any factual support for his claims in violation of Rule 2(b) of the Governing Rules, the United States is not required to file a response.

After reviewing the record, the Court concludes that Kitzmiller's § 2255 motion will be DENIED as the record conclusively shows Kitzmiller is not entitled to any relief under 28 U.S.C. § 2255, [Doc. 53].

**I. Procedural Background**

Kitzmiller and co-defendant, Shawn Lee Thrift, were charged on March 13, 2007, in a five count indictment, [Doc. 1]. Kitzmiller and Thrift were charged in Counts One, Two and Three of the indictment with Hobbs Act robbery in violation of 18 U.S.C. § 1951. Kitzmiller was also charged in Count Five with Hobbs Act robbery and in Count Four with bank robbery in violation of 18 U.S.C. § 2113(a).

On July 19, 2007, a plea agreement, signed by Kitzmiller on July 13, 2007, was filed with the Court, [Doc. 25]. Pursuant to the plea agreement, Kitzmiller entered pleas of guilty as to the Hobbs Act robberies charged in Counts Two and Three of the indictment and the bank robbery charged in Count Four of the indictment on August 13, 2007. Paragraph 4 of the plea agreement contained the following stipulation of facts:

> On October 25, 2006, the Sunshine Market was robbed in Elizabethton, Tennessee by Robert Kitzmiller, and there was a surveillance video of the robbery. The getaway vehicle was a blue truck being driven by Shawn Thrift. While Kitzmiller had his hand in his pocket like he had a gun, no firearm was used; however, the clerk was in fear of being shot at the time of the robbery. The loss was estimated to be $12,500, and the business is engaged in interstate commerce in that the business purchases goods from outside the state of Tennessee.
> On October 31, 2006, the Holiday Beverage Market was robbed in Johnson City, Tennessee. The clerk saw two white males, later identified as defendants Kitzmiller and Thrift, walk into the store with what appeared to be a gun in the pocket of the sweatshirt of Kitzmiller, although no actual gun was ever observed. The clerk jumped out of the drive through window to escape. Kitzmiller and Thrift took approximately $400 in cash from the market. The business is engaged in interstate commerce in that the business purchases goods from outside the state of Tennessee.
> Prior to the robbery of Peoples Bank, Kitzmiller had talked to a friend about robbing that bank. On November 3, 2006, Peoples Community Bank in Piney Flats, Tennessee was robbed. The suspect was described as an older white male, later identified as Kitzmiller. The getaway vehicle was described as a blue-green Mitsubishi Mirage. A vehicle matching this description had been borrowed by

2

> a friend of Kitzmiller, and witnesses will testify that Kitzmiller was driving the vehicle during the time period of the robbery. During the robbery, Kitzmiller wore blue jeans, a hooded sweatshirt. He covered his face and insinuated that he had a gun, and took approximately $1,686. There is surveillance video of the robbery. The bank is FDIC insured. The hooded sweatshirt worn by Kitzmiller during the robbery was identified as Kitzmiller's by multiple witnesses and was recovered by the FBI at the residence where he was staying. Kitzmiller admits to robbing the bank, however, the parties agree that no actual firearm was used in any of the robberies.

[Doc. 25, ¶ 4].

Additional facts based on a review of materials in the United States Attorney's file, including police reports and witness statements, was set out in the presentence report:

> 11. On October 25, 2006, Officer Dennis Brown was dispatched, and responded to the Sunshine Market, Elizabethton, Tennessee, on a report of an armed robbery in progress. The officer was advised that the suspect had fled the store in a dark blue Ford truck. Upon arrival at the market, Officer Brown spoke with the cashier, who stated she had been working behind the counter when a white male subject approached the counter, and made some type of "mumbling" remark. The clerk could not understand what the individual was saying, and she moved closer to the counter. She stated that she then noticed that the individual had his hands in a pocket on the front of his jacket as if he was brandishing a firearm, or some type of weapon. The clerk stated the individual grabbed the cash register, and fled the store. Witness statements were taken, along with several latent fingerprints from the front door glass, and the video surveillance.
>
> 12. As to the Holiday Beverage Market, a witness told law enforcement officers that the defendant and codefendant Thrift bragged about the robbery, and one of the defendants had told the witness about the clerk jumping out of the window. The victim stated that two individuals entered the store. The shorter one had his hand under his sweatshirt, and it looked as if he was holding a pistol. When the clerk saw this, he jumped out of the window, got into a customer's car, and left the premises, and called police.
>
> 13. Although the defendant did not plead guilty to Count One, the facts of that case are very similar to the other robberies. According

3

> to the victim clerk, an older white male entered the store wearing a blue hooded jacket, a tan baseball cap, and a black full-face ski mask. The clerk stated the individual walked up to the counter, and said "give me your money." The clerk handed the person $192 in miscellaneous bills. The individual then exited the store. On November 28, 2006, Detective Rusty Verran accompanied Detective Markland to the home of Robert Kitzmiller's girlfriend. The detectives revcovered a Nets jacket that appeared to be the same as the jacket worn by a suspect in the robbery of Zoomers. They also located a baseball cap, and a gray shirt with a stripe, that also appeared to be the same as that worn by the individual who had robbed Zoomers.

[Presentence Investigation Report ("PSR"), disclosed November 21, 2007]. In the PSR, the probation officer calculated a total offense level of 22 and a criminal history category of VI, resulting in an advisory guideline range for imprisonment of 84 to 105 months. [*Id*. at ¶ 104].

After the filing of a sentencing memorandum by each party, a sentencing hearing was conducted by the Court on January 7, 2008. Kitzmiller was sentenced to a term of imprisonment of 180 months, an upward variance based upon his extensive criminal history. Judgment was entered on January 15, 2008, [Doc. 41], and Kitzmiller filed a notice of appeal on January 16, 2008, [Doc. 42]. The order of the United States Court of Appeals for the Sixth Circuit affirming Kitzmiller's convictions and sentence was filed on March 17, 2009, [Doc. 50]. The mandate of the Sixth Circuit was filed on May 6, 2009, [Doc. 51]. The instant § 2255 petition was then filed on May 13, 2010, [Doc. 53].

## II. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ."

4

28 U.S.C. § 2255(b). Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996).

### III. Analysis and Discussion

Kitzmiller states his claims for relief under § 2255 as follows:

5

> **GROUND ONE:** Ineffective assisant [sic] of counsel faillure [sic] to raised [sic] an eight amendment violation.
> (a) Supporting facts (Do no argue or cite law. Just state the specific facts that support your claim.): Defendant is unable to subtanciate [sic] claim at this time due to the unavailability of all his court records and file [sic] this motion as a place holder to prevent being time bar [sic] and will amendment at a later date.
>
> **GROUND TWO:** Counsel ineffective failure to object to PSR accuratey [sic]
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Defendant is unable to substanciate [sic] claim at this time due to unavailability of all his court records and file [sic] this motion as a place holder to prevent being time bar [sic] and will amend at a later date.
>
> **GROUND THREE:** Counsel was ineffective to allow defendant to make an unintelligent plea.
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): Defendant is unable to substanciate [sic] claim at this time due to unavailability of all his court records and file this motion as a place holder to prevent being tim [sic] bar [sic] and will amend at a later date.
>
> **GROUND FOUR:** Any other issue applicable upon receival [sic] of all court transcrips [sic] and papers
> (a) Supporting facts. (Do not argue or cite law. Just state the specific facts that support your claim): Defendant is unable to substanciate [sic] claim at this time due to unavailability of all his court records at this time and file [sic] this motion as a place holder to prevent being time bar [sic] and will amend at a later date.

[Doc. 53, pp. 5-9].

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective of counsel:

6

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a break down in the adversary process that renders the result unreliable.

466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the movant. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

When considering the second prong in relation to a guilty plea, the movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995) ("a defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he

7

would have pleaded not guilty and gone to trial"), *cert. denied*, 516 U.S. 1058 (1996). The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Kitzmiller's claims fail for a very simple reason. Rule 2(b) of the Governing Rules requires a movant to "state the facts supporting each ground[.]" Kitzmiller has not done so. Despite his stated intention to amend to allege sufficient supporting facts, more than three years have passed and he has made no effort to do so. When a petitioner files a § 2255 motion, he must set forth facts entitling him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (collecting cases). A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Short v. United States*, 504 F.2d 63 (6th Cir. 1974); *Marchibroda v. United States*, 368 U.S. 487, 495-96 (1962). As noted above, federal courts are authorized to dismiss summarily a § 2255 petition that is legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Kitzmiller's petition falls far short of these standards. He has failed to allege any facts to support any of his allegations and makes only bald, conclusory claims that counsel was ineffective. The Court, therefore, finds that petitioner's allegations, devoid of factual support, are facially insufficient to support a claim for relief under § 2255. *See Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985) *cert. denied*, 490 U.S. 1025 (1989) (dismissal warranted when "it appears on the face of the petition that petitioner is not entitled to relief."). *See also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the court); *Oliver v. United States*, 961 F.2d 1339, 1343

8

n.5 (7th Cir. 1992) (finding that a § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims); *United States v. Aiello*, 814 F.2d 109, 113-114 (2d Cir. 1987) (holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements."); *United States v. Unger*, 635 F.2d 688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.").

In addition, the claims made by Kitzmiller in grounds One and Three of his motion lack any legal support and are contradicted by the record. In Ground One, Kitzmiller complains that his counsel failed to raise an Eighth Amendment violation, presumably because he received a 180 month sentence, a sentence 75 months above the top of the applicable advisory guideline range but five years less than the maximum statutory term of imprisonment provided for each count of conviction. While the Sixth Circuit did not consider Kitzmiller's sentence in the context of the Eighth Amendment, the Sixth Circuit did find Kitzmiller's sentence to be reasonable in light of the Court's "painstaking and detailed review of the § 3553(a) factors in this case." [Doc. 50 at 2]. The Sixth Circuit noted that this Court had concluded that it must impose a sentence well above Kitzmiller's guideline range because of the nature of the offenses committed, his uninterrupted 27-year record of criminal acts, his prior history of violent offenses, his lack of compliance with prior conditions of supervision and the commission of the instant offenses while he was on parole.

The Eighth Amendment provides that "[e]xcessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. Although

9

the Supreme Court has interpreted the Eighth Amendment to include a narrow principle of proportionality between crime and sentence, *see Ewing v. California*, 538 U.S. 11, 20 (2003) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment)), this principle does not dictate strict proportionality, but only that the sentence must not be "grossly disproportionate" to the conduct being punished. *See Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring in part and concurring in judgment). Reviewing Kitzmiller's sentence in light of the seriousness of his offenses, this is not one of those rare situations where the sentence is so grossly disproportionate to the crime as to constitute a violation of the Eighth Amendment. Nothing whatsoever about this case suggests any great disparity between crime and sentence which would constitute an Eighth Amendment violation. Kitzmiller's prior record was extensive and violent, as were the instant offenses. The robberies committed by Kitzmiller in this case were serious offenses and "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Moore*, 643 F.3d 451, 455 (6th Cir. 2011). "Eighth Amendment jurisprudence grants 'substantial deference' to the legislatures who determine the types and limits of punishments." *Id.* at 456. Kitzmiller makes no argument, and none is apparent, which would cause this Court to question or disturb Congress's judgment in this case.

With respect to Ground Three, Kitzmiller argues that counsel was ineffective in allowing him to make an unintelligent plea. It is beyond question that pleas of guilty "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Rule 11 of the Federal Rules of Criminal Procedure is meant to ensure that the district court is satisfied that the defendant's

10

plea is knowing, voluntary, and intelligent. *United States v. Vonn*, 535 U.S. 55, 58 (2002). Rule 11 requires that a district court verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988). "[A] plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation and citation omitted). A review of the transcript of the change of plea hearing, [Doc. 45], reveals that the Court meticulously complied with Rule 11 before finding that Kitzmiller understood the nature of each charge to which he was pleading and that his guilty pleas were knowing and voluntarily made. Kitzmiller acknowledged receipt of a copy of the indictment and that he had read it. He further acknowledged that he had been advised by his attorney as to the nature and meaning of the charges against him; he was properly informed of the elements of the charges to which he was pleading guilty and that he had read and understood all the terms of his plea agreement. Counsel likewise acknowledged to the Court that he believed that Kitzmiller understood the charges and the elements of the offenses charged. Kitzmiller has no reasonable argument that his guilty pleas in the case were not knowing, voluntary, and intelligently made.

## V. Conclusion

For the reasons set forth above, the Court holds petitioner's convictions and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be DENIED and his motion DISMISSED.

11

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each claim raised.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE